^CLARENCE E. McMANUS, Judge.

STATEMENT OF THE FACTS

Robert J. Evans, Sr. and Christine S. Evans were married on July 26, 1992. They separated and Mr. Evans filed a Petition for Divorce on August 9, 2000 in the Twenty Fourth Judicial District Court. In November 2000, Mr. Evans was ordered to pay Mrs. Evans $1,500.00 per month for interim spousal support. A Judgment of Divorce was signed and Mrs. Evans then requested permanent spousal support. Mr. Evans was ordered to continue paying interim spousal support to Mrs. Evans pending a fault hearing to determine whether Mrs. Evans would be entitled to permanent spousal support. Trial was held to determine the fault issue in October and November 2001.
The trial court signed a Judgment on November 15, 2001 finding that Mr. Evans was at fault in the breakup of the marriage and Mrs. Evans was free from fault. No permanent spousal support was awarded at that time. Mr. Evans filed a Motion for New Trial, which was heard and denied in January 2002. Mr. Evans then appealed the November 15, 2001 Judgment finding him to be at fault in the breakup of the marriage. This Court dismissed the appeal and held that the Judgment was not a final judgment because there had been no award of final support by the trial court.
|8On September 24, 2008, the trial court rendered a Judgment finding Mrs. Evans to be totally and permanently disabled and in need of final spousal support. The trial court ordered Mr. Evans to pay Mrs. Evans $2,250.00 per month beginning September 10, 2003. The Judgment also stated that both parties reserved their rights to appeal the issues of fault, the amount of support, and the effective dates of the award.
Mr. Evans now files this appeal alleging three assignments of error. First, he argues that the trial court committed manifest error in applying the doctrine of con-donation to find Mrs. Evans free from fault in the breakup of the marriage. Second, Mr. Evans argues that the trial court erred in limiting the question of fault to one day, July 12, 2000, the day Mr. Evans vacated the matrimonial domicile. And finally, Mr. Evans argues that the trial court abused its discretion in finding Mrs. *89 Evans free from fault in light of the testimony and evidence.
For the reasons which follow, we affirm the trial court’s judgment finding that Mrs. Evans is permanently disabled, in need of spousal support, and free from fault in the breakup of the marriage. We also affirm the trial court’s award of $2,250.00 per month to Mrs. Evans for final spousal support.

DISCUSSION

La. C.C. art. Ill provides that the court may award final periodic support to a party free from fault prior to the filing of a proceeding to terminate the marriage. The support will be based on the needs of that party and the ability of the other party to pay. La. C.C. art. 112 provides further guidelines for determination of the amount of spousal support to be paid to an eligible party. According to these articles, the first issue that must be addressed is whether or not the party seeking support is free from fault.
In Simon v. Simon, 96-876 (La.App. 5 Cir. 5/14/97), 696 So.2d 68, this Court found that “legal fault”, which will preclude support, consists of serious 1¿misconduct, which is a cause of the marriage’s dissolution. This Court further found that all spouses have faults, and spouses seeking support need not be perfect to be free from legal fault. Petty quarrels between husband and wife do not rise to the level of “legal fault” but, rather, to be legally at fault, spouse must be guilty of cruel treatment or excessiveness which compel separation because marriage is insupportable. “Fault” which will preclude support contemplates conduct or substantial acts of commission or omission by spouse violative of his or her marital duties or responsibilities.
According to the trial court’s transcript of the reasons for judgment in this case, the trial court found that there was a lot of fault of the parties, and there was the problem of determining fault for the particular breakup of the marriage considering the absolutions that may have been given. The trial court refers to underage kids staying in the house and engaging in illegal activities. The problem noted by the trial court was that everyone seemed to be going along with everything. So, the trial court posed the following question: “if you don’t stop something, does that mean you condone it?”
There had been financial problems as well. However, Mr. Evans testified that he forgave Mrs. Evans for the financial problems. The trial court noted that there were daily fights, but the final straw was the day Mrs. Evans’ son called about Mr. Evans’ daughter. The trial court found that the daily fights and other actions were acceptable within their marriage and were, therefore, condoned.
The trial court ultimately found that Mrs. Evans was free from fault in the actual breakup of the marriage, even though she was not free from fault for lots of other things. After brief comments from counsel, the trial court went on to explain that his use of the word “condone” in his reasons was not meant in the legal term of condonation. The trial judge explained that he not only looked at the last day before the separation, he looked at the entire situation.
|5Based on the above, the trial court did not base its decision on the doctrine of condonation. The word condone was simply used in an effort to explain the trial court’s reasons for judgment. Further, the trial court evaluated the testimonies given and looked at the day the actual breakup of the marriage occurred, as well as, the remainder of the marriage.
*90 We see no reason to disagree with the trial court’s findings that Mrs. Evans was free from fault in the breakup of the marriage. Both parties took part in daily-arguments and allowed each other’s children to be involved in activities in the home that were illegal and disruptive to a traditional family life. However, neither party left the marriage because of those activities. Mr. Evans finally chose to leave after the events involving his'daughter and Mrs. Evans’ son. Mrs. Evans was not at fault and did not cause Mr. Evans to leave at that time. Therefore, we affirm the trial court’s finding that Mrs. Evans was free from fault in the breakup of the marriage.
The issues of Mrs. Evans’ disability status and the amount of spousal support awarded were not assigned as errors on appeal. Therefore, we will not address these issues and affirm the trial court’s finding that Mrs. Evans is totally and permanently disabled and affirm the trial court’s award of spousal support to Mrs. Evans of $2,250.00 per month, beginning September 10, 2008.
In accordance with the above, we affirm the trial court’s judgment finding Mrs. Evans to be permanently disabled and free from fault in the breakup of the marriage and affirm the award of final periodic spousal support to Mrs. Evans in the amount of $2,250.00.
AFFIRMED.